```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOSHUA MOSES,<br><br>        Petitioner,<br><br>    v.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-15367 (JBS)<br><br>**OPINION** |

APPEARANCES:

Joshua Moses, Petitioner pro se
#55716-066
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, U.S. District Judge:**

    1.    Joshua Moses, a/k/a/ Roy Moses, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket Entry 1].

    2.    On June 12, 2019, this Court determined that the only claim over which this Court had § 2241 jurisdiction was Petitioner's challenge to the Bureau of Prisons' ("BOP") calculation of his custody classification score ("Ground Two"). [Docket Entry 8]. It severed the petition, retained jurisdiction over Ground Two, and returned the remainder of the petition to

the United States District Court for the Eastern District of Pennsylvania. [Docket Entry 9].

3. The Court now considers Petitioner's request for the appointment of pro bono counsel. [Docket Entry 2].

4. The Court notes at the outset that there is no Sixth Amendment right to appointment of counsel in collateral proceedings, and a petitioner seeking habeas relief has no constitutional right to effective assistance of counsel. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("right to appointed counsel extends to the first appeal of right, and no further"); *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1992) (because "[habeas petitioner] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel").

5. Instead, "the decision to appoint counsel in proceedings brought under § 2255 is ... a matter of discretion." *In re Demelio*, 350 F. App'x 718, 720 (3d Cir. 2009) (citing *Finley*, 481 U.S. 551, 555 (1987)). A district court may, under 18 U.S.C. § 3006A(a)(2)(B), appoint counsel to a person seeking relief under 28 U.S.C. § 2255 if "the interests of justice so require."

6. In deciding whether the grant such a request, the Court must decide "if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will

2

benefit the petitioner and the court." *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991). The Court must consider the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. *Id.*

7. The Court finds that appointment of counsel is not warranted at this time. The Court has permitted the habeas petition to proceed only on Petitioner's claim that the BOP miscalculated his custody classification score. This is a relatively straightforward issue that should not require much factual investigation. Therefore, the Court finds that appointment of counsel is not warranted. The Court may reassess the appointment should Petitioner's situation change over the course of the litigation.

8. An appropriate order follows.

| | |
|---|---|
| **June 14, 2019** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |