```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
_____
                                   :
JOSHUA MOSES,                      :
                                   :
          Petitioner,              :   Civ. No. 18-15367 (NLH)
                                   :
     v.                            :   OPINION
                                   :
WARDEN FCI FORT DIX,               :
                                   :
          Respondent.              :
_____:
```

APPEARANCES:

Joshua Moses
55716-066
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    *Petitioner Pro se*

Rachael A. Honig, Acting United States Attorney
Elizabeth Pascal, Assistant United States Attorney
United States Attorney's Office for the District of NJ
401 Market Street
P.O. Box 2098
Camden, NJ 08101

    *Counsel for Respondent*

HILLMAN, District Judge

    Petitioner Joshua Moses, a federal prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that the Bureau of Prisons ("BOP") incorrectly calculated his custody classification score.  ECF No. 1.

Respondent United States opposes the petition. ECF No. 14. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I. BACKGROUND

Petitioner states that he was arrested in Pennsylvania on November 11, 2011 and charged with possession with intent to manufacture or deliver a controlled substance. ECF No. 1 at 10. He was released on electronic monitoring after posting bail on December 27, 2011. Id. He was then arrested and charged via federal indictment in the United States District Court for the Eastern District of Pennsylvania on May 13, 2014 with two counts of being a convicted felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Id. See also United States v. Moses, No. 14-cr-0232 (E.D. Pa.). A jury convicted Petitioner of both counts in October 2014, but Count Two was dismissed at the request of the United States. ECF No. 1 ¶ 4; Moses, No. 14-cr-0232 (E.D. Pa. May 13, 2015) (ECF No. 56). The trial court sentenced Petitioner to 102 months on Count One. Moses, No. 14-cr-0232 (E.D. Pa. May 13, 2015) (ECF No. 74).

On August 19, 2015, Petitioner received a 6-12-year sentence on his state charges. ECF No. 14-1 at 20; Commonwealth v. Moses, CP-51-CR-0001275-2012 (C.P. Phila. Cty., Aug. 19, 2015). "This sentence is to run consecutive to any Federal Sentence now serving (US DC – ED 2:14-CR- 00232)." Id. After

2

the state sentencing, the Philadelphia District Attorney's Office wrote to the BOP and asked for a detainer based on the consecutive sentence. ECF No. 14-1 at 23. The BOP determined the detainer was a "moderate" level detainer under Program Statement 5100.08, which resulted in the addition of three points to Petitioner's custody scoring. Id. at 25. Petitioner was classified as a low security inmate. Id. at 16.

Petitioner filed this habeas petition under 28 U.S.C. § 2241 in the Eastern District of Pennsylvania on September 12, 2018. ECF No. 1. That court transferred the petition to this district for review as Petitioner is presently confined in FCI Fort Dix, New Jersey. ECF No. 5. After conducting a review of the petition under Habeas Rule 4, the Honorable Joseph H. Rodriguez[1] severed the petition and transferred Grounds One, Three, and Four to the Eastern District as Petitioner challenged his Pennsylvania state conviction.[2] ECF No. 9. Judge Rodriguez directed the United States to answer Ground Two, which challenges the calculation of Petitioner's custody score. Id.

---

[1] This matter was reassigned to the undersigned on August 9, 2019. ECF No. 15.

[2] Moses v. Commonwealth of Pa., No. 2:19-cv-02587 (E.D. Pa. dismissed Dec. 12, 2020).

II. STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

III. DISCUSSION

In Ground Two, Petitioner alleges that the BOP miscalculated his custody score by adding 3 points for the Philadelphia detainer.[3] Petitioner argues the points should not count towards his custody classification score because the state offense was unrelated to the federal charges. ECF No. 1 at 11. He also argues that the BOP gave him the points before he was sentenced in state court. "The BOP lodged a state detainer against petitioner by giving him 3 custody points before

---

[3] Ground Two does not contest the validity of the detainer itself; this § 2241 petition only concerns whether the detainer affected the execution of Petitioner's sentence. The validity of the detainer was among the claims transferred to the Eastern District. ECF No. 9.

4

petitioner was even sentenced by the State of PA which took place via video conference on 8/19/15 . . . and before the Commonwealth of PA officially lodged a detainer on 3/21/16 . . . ." ECF No. 16 at 2.  He argues the points raised his security level.[4]  He alleges that the incorrect security level prevents him from residing at a residential re-entry center for the maximum 12 months.  Id. at 3; see also ECF No. 14-1 at 12 ("I should be scored (1 point) for detainer and (1 point) for low moderate severity bringing my custody to camp points.").  Respondent argues that the Court lacks jurisdiction under § 2241 or, alternatively, the petition should be denied as Petitioner does not have a protected interest in his custody classification and the BOP correctly calculated Petitioner's custody score. ECF No. 14.

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001); see also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2012). "Admittedly, the precise meaning of execution of the sentence is hazy."  Cardona v. Bledsoe, 681 F.3d 533, 536 (3d Cir. 2010)

---

[4] "BOP institutions are classified into five security levels: MINIMUM, LOW, MEDIUM, HIGH, and ADMINISTRATIVE, based on the level of security an institution is able to provide."  ECF No. 14 at 4.

5

(internal quotation marks omitted).  The Third Circuit has permitted claims regarding "BOP conduct that conflicted with express statements in the applicable sentencing judgment" to proceed under § 2241 because such allegations assert "that the BOP was not properly put[ting] into effect or carry[ing] out the directives of the sentencing judgment."  Id. (internal quotation marks omitted) (alterations in original).  In Cardona, the Third Circuit held that an inmate's challenge to his placement in the Special Management Unit ("SMU") could not be filed under § 2241 because he did not "allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."  Id. at 537.

   Petitioner asserts that BOP incorrectly scored his detainer, which resulted him being classified at a higher security level than he should have been.  Even if Petitioner is correct in that BOP made such an error, there is no indication the calculation error impacts the execution of Petitioner's sentence as that phrase has been defined by the Third Circuit.  See Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 51 (3d Cir. 2016) (per curiam).  This is true even if the security classification prevents Petitioner from being transferred to a minimum-security camp.  Andrews v. Ortiz, No. 19-9136, 2019 WL 3022027, at *2 (D.N.J. July 10, 2019) (citing Briley v. Warden Fort Dix FCI, 703 F. App'x 69, 71 (3d Cir. 2017) (per curiam)).

"[P]risoners have no constitutional right to a particular classification." Briley v. Attorney Gen. U.S., 632 F. App'x 84, 85 (3d Cir. 2016) (per curiam). Challenges to program eligibility, security designation, and custody classification "do not challenge the basic fact or duration of [Petitioner's] imprisonment, which is the 'essence of habeas.'" Cohen v. Lappin, 402 F. App'x 674, 676 (3d Cir. 2010) (per curiam) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). See also Levi v. Ebbert, 353 F. App'x 681, 682 (3d Cir. 2009) (per curiam) ("[P]risoners have no constitutional right to a particular classification."). Therefore, the Court lacks jurisdiction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction," a civil rights action is appropriate. Leamer v. Fauver, 288 F.3d

7

532, 542 (3d Cir. 2002).  The Court will not convert this action into a civil rights action because there are different filing requirements for habeas actions and civil rights actions.

IV. CONCLUSION

For the foregoing reasons, the petition shall be dismissed for lack of jurisdiction.

An appropriate order will be entered.


Dated: April 1, 2021                s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.